UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**DEBORAH O'TOOLE**, on behalf of herself and
those similarly situated,

       Plaintiff,         **CASE NO.:**_____

vs.

**JPMORGAN CHASE & CO.**,

       Defendant.
_____/

## NATIONWIDE COLLECTIVE ACTION
## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DEBORAH O'TOOLE ("O'Toole" or "Plaintiff"), on behalf of herself and other Fraud Investigator ("FI") employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendant, JPMORGAN CHASE & CO. ("CHASE" OR "Defendant"), and states as follows:

## NATURE OF THE ACTION

1.  Plaintiff alleges on behalf of herself and other similarly situated current and former Fraud Investigators employees of Defendant, who elect to opt-in to this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law, (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq; (iii) entitled to declaratory relief pursuant to 28 U.S.C. §2201 and (iv) entitled to an award of attorneys' fees and costs.

## JURISDICTION

2.  Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair

Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages; obtain declaratory relief, and reasonable attorneys' fees and costs.

3. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

4. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

5. Venue is proper in this Court because all of the Defendants have significant contacts and/or their principal places of business within this District, and Plaintiff resides in this District.

6. Further, the acts and omissions that form the basis of the lawsuit (i.e., Defendants' establishment and enforcement of its company-wide payroll policies) occurred within this District.

## PARTIES

7. At all times material hereto, Plaintiff was a citizen of Duval County, Florida.

8. At all times material hereto, Plaintiff was employed by Defendant as a Fraud Investigator and performed related activities for Defendant in Duval County, Florida.

9. At all times material hereto Defendant was, and continues to be, a publicly-owned international banking institution.

10. At all times material hereto, Defendant was, and continues to be, engaged in business in Florida, with business locations Nationwide.

## COVERAGE

11. At all times material hereto Plaintiff was Defendant's "employee" within the meaning of the FLSA.

12. At all times material hereto, Defendant was the Plaintiff's "employer" within the meaning of the FLSA.

13. Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

14. At all times material hereto, the Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

15. At all times material hereto, the annual gross revenues of Defendant was in excess of $500,000.00 per annum.

16. At all times material hereto, Defendant had two (2) or more employees handling, reviewing documents, or otherwise working on goods or materials that had been moved in or produced for commerce.

17. At all times material hereto, Defendant employed Plaintiff within the meaning of FLSA.

18. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA, by virtue of her consistent interstate communications on behalf of Defendant throughout her employment, and the interstate nature of her work.

19. At all times hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

20. At all times material hereto, Defendant controlled the manner in which Plaintiff's work was performed.

21. Defendant assigned Plaintiff her specific tasks, and dictated the specific manner in which she was required to do her work.

22. The work performed by Plaintiff for Defendant required no special skill. Rather, anyone could perform the work that Plaintiff performed for Defendant with on-the-job training.

23. Neither Plaintiff nor any of the similarly-situated FIs were required to have a four-year degree or a degree of advanced learning in order to obtain their position or perform the

tasks required of their position.

## STATEMENT OF FACTS

24. Plaintiff was employed by Defendant as a non-exempt FI.

25. Plaintiff worked in this capacity from approximately September 2009 through October 2019.

26. From at least September 2009 and continuing through October 2019, Plaintiff worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

27. Despite the fact that Plaintiff, and those similarly situated to her, worked more than forty (40) hours per week, Defendant failed to pay Plaintiff, and those similarly situated to her, overtime compensation at a rate of one and one-half times her regular rate of pay for hours worked over forty (40) in a workweek.

28. Defendant has employed and continues to employ many of other individuals as FIs, who performed and continue to perform the same or similar job duties under the same pay policies as Plaintiff, and whom Defendant fails to pay proper overtime.

29. Defendant has violated Title 29 U.S.C. §207 from September 2009 and continuing through October 2019, in that:

   a. Plaintiff worked in excess of forty (40) hours per week for her period of employment with Defendant;

   b. No payments, or insufficient payments and/or provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

    c. Defendant has failed to maintain proper time records as mandated by the FLSA

30. Plaintiff, and those similarly situated to her, routinely worked in excess of forty (40) hours per week as part of their regular job duties.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

31. Plaintiff realleges and reaver paragraphs 1 through 30 the Complaint as if fully set forth herein.

32. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

33. At all times material hereto, Defendant failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

34. Defendant's actions in this regard were/are willful and/or showed/show reckless disregard for the provisions of the FLSA as evidenced by their continued failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

35. Defendant has failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

36. To date, Defendant continues to fail to pay their FIs and similarly situated employees their FLSA mandated overtime pay, despite their recognition that their position is non-exempt and entitled to same.

37. Defendant's actions in this regard were/are willful and/or showed/show reckless disregard for the provisions of the FLSA as evidenced by their continued failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours

worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

38. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

39. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. An injunction against the Defendant and its officers, agents, successors, employees, representatives and any and all persons in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d. An award of unpaid wages and overtime compensation due under the FLSA;

e. An award of liquidated damages as a result of the Defendant's willful failure to pay wages and overtime compensation pursuant to 29 U.S.C § 216;

f. An award of prejudgment and post judgment interest;

g. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury

on all questions of fact raised by the complaint.

DATED this 23rd day of March, 2020.

                                                  Respectfully submitted,

                                                  ***/s/ Andrew R. Frisch***
                                                  Andrew R. Frisch
                                                  Florida Bar No.: 027777
                                                  MORGAN & MORGAN, P. A.
                                                  8151 N. Pine Island Road, Suite 4000
                                                  Plantation, FL 33324
                                                  Telephone: (954) WORKERS
                                                  Fax: (954) 327-3013
                                                  E-mail: AFrisch@forthepeople.com
                                                  ***Trial Counsel for Plaintiff***