UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DEBORAH O'TOOLE,
on behalf of herself and those
similarly situated,

    Plaintiff,

v.                                                        CASE NO. 3:20-cv-288-J-34JBT

JPMORGAN CHASE & CO.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on the parties' Joint Motion for Settlement Approval and Dismissal of Plaintiff's Claims with Prejudice ("Motion") (Doc. 18). For the reasons stated herein, the Motion will be **DENIED without prejudice**.

The Motion seeks court approval of the parties' Settlement Agreement and General Release ("Agreement"). The Agreement provides for payment of Plaintiff's attorney's fees and costs. (Doc. 18-1 at 2.) However, the Motion does not indicate whether these were negotiated separately from the amount to be paid to Plaintiff in accordance with *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009). The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351

(11th Cir. 2009) (per curiam).[1]  "[T]he best way to [ensure] that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.  If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Bonetti*, 715 F. Supp. 2d at 1228.  Accordingly, any new motion must indicate whether the payment of Plaintiff's attorney's fees and costs was negotiated separately.

Additionally, the Motion provides insufficient support for the reasonableness of the amount of Plaintiff's attorney's fees and costs.  Specifically, whether *Bonetti* was followed or not, the Court must review Plaintiff's attorneys' contemporaneous time and cost records, reflecting each billing time keeper, the billing rate of each time keeper, and the amount of time billed, along with any other evidence the parties wish the Court to consider in support of the reasonableness of the amount of fees and costs.

Finally, the Agreement, which was filed on the public docket, contains non-publication clauses.  (*See* Doc. 18-1 at ¶ 8.)  "[C]ourts routinely decline to approve

---

[1] Although unpublished Eleventh Circuit decisions are not binding precedent, they may be persuasive authority on a particular point.  *See, e.g.*, *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive.").  Rule 32.1 of the Federal Rules of Appellate Procedure expressly allows citation to federal judicial unpublished dispositions that have been issued on or after January 1, 2007.  Fed. R. App. P. 32.1(a).

settlement agreements in FLSA actions that contain provisions that serve to prevent the spread of information about FLSA actions to other workers . . . who [could] then use that information to vindicate their own statutory rights." *Zapata v. Bedoya*, Case No. 14-CV-4114 (SIL), 2016 WL 4991594, at *2 (E.D.N.Y. Sept. 13, 2016) (quotations omitted). Thus, such clauses are generally considered unreasonable and unenforceable in the context of an FLSA case. *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1243 (M.D. Fla. 2010) ("The district court should reject as unreasonable a compromise that contains a confidentiality provision, which is unenforceable and operates in contravention of the FLSA."). Although the subject provisions may not be strict confidentiality provisions, they are so broad and opaque that they will likely chill Plaintiff's right to discuss the Agreement and this lawsuit. Therefore, Paragraph 8 of the Agreement should be removed and Paragraph 7(f) must make clear that disparagement does not include discussion of the settlement or this lawsuit.

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 18**) is **DENIED without prejudice**.

2. **On or before January 22, 2021**, the parties shall file a new motion and a revised settlement agreement in accordance with this Order.[2]

---

[2] Alternatively, the parties may refile the Agreement in substantially the same form. However, the undersigned is not likely to recommend approval absent convincing reasons for inclusion of the subject provisions.

**DONE AND ORDERED** in Jacksonville, Florida, on January 8, 2021.

*/s/ Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record