UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DEBORAH O'TOOLE,
on behalf of herself and those
similarly situated,

      Plaintiff,

v.                                                              CASE NO. 3:20-cv-288-MMH-JBT

JPMORGAN CHASE & CO.,

      Defendant.
_____/

**REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on the parties' Renewed Joint Motion for Settlement Approval and Dismissal of Plaintiff's Claims with Prejudice ("Motion") (Doc. 22). The Motion was referred to the undersigned for a report and recommendation regarding an appropriate resolution. For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that the Motion be

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**GRANTED**, the Settlement Agreement and General Release ("Agreement") (Doc. 22-1 at 2–11) be **APPROVED**, and this action be **DISMISSED with prejudice**.[2]

## I.   Background

Plaintiff filed the instant proposed collective action seeking unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA").[3]  (Doc. 1.)  Plaintiff alleged that she was employed by Defendant as a non-exempt fraud investigator from at least September 2009 through October 2019 and that she worked in excess of forty hours per week during her employment.  (*Id.* at 4.)  Plaintiff further alleged that Defendant failed to pay her one and one-half times her regular rate of pay for the overtime hours she worked, in violation of the FLSA.  (*Id.*)  Plaintiff sought compensation for all unpaid overtime wages, liquidated damages, attorneys' fees and costs, and pre-judgment and post-judgment interest.  (*Id.* at 6.)

The parties previously filed a Joint Motion for Settlement Approval and Dismissal of Plaintiff's Claims with Prejudice (Doc. 18).  However, the Court denied that motion without prejudice because the motion did not indicate whether attorneys' fees were negotiated separately, did not provide support for the

---

[2] To expedite the resolution of the current Motion, the parties still have an opportunity to consent to the undersigned conducting the remaining proceedings in this action, including entry of judgment and any post-judgment matters.  To do so, they must jointly execute and file the consent form attached to this report and recommendation (using a single form rather than separate forms).  Of course, the parties remain free to withhold consent without adverse substantive consequences.  *See* Fed. R. Civ. P. 73(a)(2).

[3] To date, no other individuals have joined in the case.

reasonableness of the amount of Plaintiff's attorneys' fees and costs, and the proposed settlement agreement contained non-publication clauses. (Doc. 19.) The parties were directed to file a new motion and a revised settlement agreement in accordance with that Order. (*Id.* at 3.) Thereafter, the parties filed the Motion and the subject Agreement, and now request that the Court approve their settlement of Plaintiff's claims. (*See* Doc. 22.)

**II.    Standard**

Section 216(b) of the FLSA provides in part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages. . . .  The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).

"[I]n the context of suits brought directly by employees against their employer under section 216(b) . . . the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Judicial review is required because the FLSA was meant to protect employees from substandard wages and oppressive working hours, and to prohibit the contracting away of these rights. *Id.* at 1352. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages,

3

that are actually in dispute," the district court is allowed "to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In short, the settlement must represent "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. In addition, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[4]

In *Bonetti v. Embarq Management Co.*, the court analyzed its role in determining the fairness of a proposed settlement under the FLSA, and concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

---

[4] Although unpublished Eleventh Circuit decisions are not binding precedent, they may be persuasive authority on a particular point. *See, e.g.*, *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive."). Rule 32.1 of the Federal Rules of Appellate Procedure expressly allows citation to federal judicial unpublished dispositions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).  Other cases from this district have indicated that when attorneys' fees are negotiated separately from the payment to a plaintiff, "an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents."  *King v. My Online Neighborhood, Inc.*, Case No. 6:06-cv-435-ACC-JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007).

When attorney's fees are not negotiated separately, however, "the reasonableness of the settlement cannot be approved on its face but must be carefully scrutinized using the lodestar approach."  *Cohen v. Goodyear Tire & Rubber Co.*, Case No. 6:09-cv-496-GAP-DAB, 2009 WL 3790292, at *3 (M.D. Fla. Nov. 9, 2009).  "[A]ny amount above the lodestar is unreasonable unless supported by some special circumstance."  *Id.* at *4.  Ultimately, there are two issues regarding fees: "that counsel is compensated adequately and that no conflict of interest taints the amount" to be received by the employee(s).  *Silva*, 307 F. App'x at 351.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed.  Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.*

"A reasonable hourly rate is the prevailing market rate in the relevant legal

community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The court "may consider its own knowledge and experience concerning reasonable and proper fees." *Id.* at 1303. In determining the reasonableness of the hourly rate, the court may also consider the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[5] *Loranger v. Stierheim*, 10 F.3d 776, 781 n.6 (11th Cir. 1994).

### III. Analysis

The Agreement provides that Defendant will pay a total of $35,000.00 to Plaintiff and Plaintiff's counsel, which consists of the following: $23,000.00 to Plaintiff ($11,500.00 for unpaid wages and $11,500.00 for liquidated damages) and $12,000.00 to Plaintiff's counsel for attorneys' fees and costs. (Doc. 22-1 at 2–3.)

The parties represent that the Agreement reflects a reasonable compromise of disputed issues, including primarily whether Plaintiff was misclassified as an exempt employee who was not entitled to overtime pay. (Doc. 22 at 3.) Plaintiff initially estimated that she was owed $35,100.00 for unpaid wages plus liquidated damages and attorneys' fees. (Doc. 11 at 2.) However, the Motion indicates that

---

[5] The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19.

the compromise was reached after the parties "exchanged information and documents, including payroll records and timesheets, relating to Plaintiff's claims." (Doc. 22 at 2.) Moreover, the Motion states that "the amount being paid directly to Plaintiff represents approximately 47.5 hours worked per week for every single week of employment with full and complete liquidated damages to be paid, a significant concession by Defendant." (*Id.* at 4.)

In light of the above, Plaintiff appears to be receiving a reasonable recovery. Additionally, Plaintiff is represented by an attorney. Thus, the undersigned recommends that the settlement reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food*, 679 F.2d at 1354.

Regarding the $12,000.00 for attorney's fees and costs, the ultimate issues pursuant to *Silva* are "both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers." 307 F. App'x at 351. The parties did not negotiate the recovery of attorney's fees and costs separately from the recovery to Plaintiff. (Doc. 22 at 3.) Therefore, the Court must scrutinize the reasonableness of the fee and cost recovery.

Counsel for Plaintiff incurred 40.20 hours of billable time and $592.50 in litigation costs. (Doc. 22-2 at 4–5.) Although the undersigned does not recommend as reasonable Plaintiff's counsel's claimed rate of $450.00 per hour, the undersigned recommends that counsel's effective rate of approximately $283.77 per hour ($12,000.00 - $592.50 = $11,407.50 / 40.20 hours = $283.77 per

hour), while arguably somewhat high, is within the realm of reasonableness, and does not taint the amount to be recouped by Plaintiff.  Plaintiff's lead counsel, Andrew Frisch, Esq., has been practicing law for approximately 20 years and has handled hundreds of FLSA collective action cases.  (Doc. 24 at 3.)  Courts in this district have found $300.00 to be a reasonable hourly rate for Mr. Frisch in similar cases.  *See Quinones v. JPMorgan Chase & Co.*, Case No. 6:09-cv-299-GAP-GJK, 2010 WL 376012, at *3 (M.D. Fla. Jan. 26, 2010) (Orlando division case decided in 2010).  In addition, the undersigned recommends that counsel is being adequately compensated for their work.  Thus, both aspects of the *Silva* attorneys' fee inquiry are satisfied.

Therefore, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 22**) be **GRANTED**.

2. The Agreement (**Doc. 22-1 at 2–11**) be **APPROVED**.

3. This action be **DISMISSED with prejudice**.

4. The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** in Jacksonville, Florida, on March 18, 2021.

JOEL B. TOOMEY
United States Magistrate Judge

8

Attachments:

Form AO85 (Notice, Consent, and Reference of a Civil Action to a Magistrate Judge)

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Copies w/ Attachment to:

Counsel of Record